# WHEELING.

STEPHENS, ADM'R, v. BROWN.

Submitted September 6, 1883—Decided April 26, 1884.

(*GREEN, JUDGE, Absent.)

1. Where litigants were properly in court before the late civil war was commenced, and the parties thereto, or some of them, were on opposite sides of the military lines, as soon as the war actually commenced, the proceedings in the suit or action by public law instantly ceased, and no further step could be legally taken, as long as such a condition of things existed. (p. 237.)

2. It is just as necessary to the due administration of justice, that each litigant should be free to attend the court at every step taken in the progress of the suit, whether in an inferior or in an appellate court, as it is that process should be served upon a defendant to bring him into court in the first instance. (p. 237.)

3. If during the war the supreme court of appeals of Virginia rendered a decree in a cause, the parties to which resided on opposite sides of the military lines and were consequently enemies to each other, such decision is without legal validity. (p. 237.)

Hon. J. B. Hoge rendered the decree in the court below.

The facts of the case are stated in the opinion of the Court.

*D. B. Lucas* for appellant

*Andrew Hunter* and *Baylor & Wilson* for appellees.

JOHNSON, PRESIDENT:

This is a suit in equity commenced in the year 1854 in the circuit court of Jefferson county by the creditors of Joseph Brown to set aside as fraudulent as to them a conveyance made by said Brown in 1853 to Ann Brown of certain houses and lots in Charlestown in said county, and praying that said lots might be sold to pay their claims. Upon the hearing of said cause the circuit court of said county on the 3d day of June, 1858, dismissed the bill of plaintiffs. From that decree the plaintiffs appealed to the supreme court of appeals of Virginia, and on the 23d day of May, 1863, that court reversed the decree of the court below, set aside said deed as fraudulent and void as to Joseph Brown's creditors and remanded the cause with instructions to take the proper steps

*Counsel below.

to audit the claims of the appellants and of the other creditors of said Joseph Brown and to subject said houses and lots to the payment of their debts. The mandate was certified to said court, and the war being in progress it was not entered of record in the circuit court until September 1, 1866. After this an appeal was taken to the Supreme Court of Appeals of West Virginia, and on the 31st day of January, 1871, that Court dismissed the same for want of a record. Afterwards a motion was made under an act of the Legislature of West Virginia, approved December 20, 1872, to docket the appeal as one that had been pending in the supreme court of appeals of Virginia. The Court docketed the same reserving the right to look into the question, whether it could be properly docketed under said act, and on the 20th day of August, 1873, ordered the cause stricken from the docket, "because the same did not come within the purview of the act of the Legislature concerning the transfer of cases from the supreme court of appeals of Virginia to the Supreme Court of Appeals of West Virginia."

Annie Brown, the grantee in the deed, having died testate, the court revived the cause against Joseph Brown, the executor, and Fannie C. Brown, the devisee of the property so conveyed. This was done on the 18th day of June, 1874; and Wm. J. Stephens one of the plaintiffs having died, on the 28th day of April, 1868, the cause was ordered to proceed in the name of Edward Tearney, sheriff of Jefferson county, to whom his estate had been committed.

Joseph Brown, executor of Annie Brown, deceased, and Fannie C. Brown, tendered their joint answer to the bill, in which they clearly and distinctly averred that on the 23d day of May, 1863, when the decision of the supreme court of appeals was rendered in this cause, reversing the decree of the circuit court of Jefferson county, *flagrant war existed in the country, the litigants in said cause then pending in the supreme court of appeals of the State of Virginia were on opposite sides of the military lines, and by public law they were declared enemies to each other, and to them the courts were closed, and the supreme court of appeals of Virginia had no legal authority to render said decision, when it was so rendered.*

It is here insisted, that the answer is no part of the

record. If it is not, I know of no way, in which it can be made a part of the record except by spreading it at length on the chancery order-book, as a bill of exception is unknown in chancery practice. The order shows, that the said defendants tendered their answer, to the filing of which the plaintiffs objected, and the court sustained the objection and refused to permit the answers to be filed. The clerk certifies, that the foregoing answer was the one tendered and refused. It is as thoroughly identified as an exhibit or as depositions are in any chancery record. The answer is clearly a part of the record.

If the supreme court of appeals of Virginia had not the right to decide the cause, when it did, although it is the decision of the highest court of the State, such decision is a nullity. We judicially know that on the 23d day of May, 1863, when the decision was rendered, flagrant war existed in the country. This Court has held, that the late civil war between the United States and the Confederate States was accompanied by the general incidents of a war between independent nations, and that the inhabitants ·of the United States and the inhabitants of the Confederate States became thereby reciprocally enemies of each other, liable to be so treated without reference to their individual dispositions or opinions, and during its continuance all commercial intercourse and correspondence between them were interdicted by principles of public law as well as by express enactments by Congress, and all contracts previously made between them were suspended, *and the courts of each belligerent were closed* to the citizens of the other. The right of the creditor to sue and collect his debt cannot exist, unless at the same time a corresponding duty exist on the part of the debtor to pay; the right of the one and the duty of the other are correlative, consequently where the duty of the debtor to pay is suspended by the war, the corresponding right of the creditor to sue and enforce the collection of his debt cannot exist. A sentence of a court pronounced against a party without hearing him or giving him an opportunity to be heard is not a judicial determination of his rights, and is not entitled to respect in any other tribunal. (*Haymond* v. *Camden*, 22 W. Va. 180; *Herring* v. *Lee*, 22 W. Va. 661.)

The legitimate conclusion from the principles announced in the two cases cited lead inevitably to the further principle, that where litigants are properly in court before the war commences, and the parties or some of them are on opposite sides of the military lines, as soon as flagrant war exists in such case, the proceedings in the suit or action must instantly cease.    No further step can be legally taken, as long as this state of things exists.  It is just as necessary to the due administration of justice, that each litigant should be free to attend the court at every step taken in the progress of the suit, whether in the inferior or in the appellate court, as it is that process should be served upon a defendant to bring him into court in the first instance.    Therefore it follows, that, if the averments of the answer are true, the parties to this suit were on opposite sides of the military lines, when the decision of the 23d of May, 1863, was rendered by the supreme court of appeals of Virginia and that said decision is without binding force and is null and void.    The court erred in refusing to allow the answer to be filed.

It also appears from the record, that Fannie C. Brown the devisee of Anne Brown had departed this life, and that the case was revived against her administrator; and it is insisted, that as by the will of Anne Brown she was the devisee of the houses and lots in controversy her heirs ought to have been made parties to the suit.    This is true.    The heirs of Fannie C. Brown should be made defendants to the suit; and if Elizabeth Brown and Isabella Brown had any interest in said houses and lots, their heirs and devisees, if any there are, who are interested in said real estate, should also be made defendants to the suit.    I think that under the circumstances the suit ought not to have abated after the death of Wm. J. Stephens.  The failure in the final decree to properly fix the priorities of the debts was not to the prejudice of the appellants.    (*Hill* v. *Morehead*, 20 W. Va. 429.)

It is assigned as error, that the court refused to strike the cause from the docket on motion of defendants, because no order had been made in the cause for five years.  It does not appear from the record, that the defendants asked to have the cause stricken from the docket for that reason, nor does it appear, that no order was made for *four* years in the cause

as it is not pretended, that the entire record is before the Court. The court after refusing to allow the answer to be filed referred the cause to a commissioner in accordance with the mandate of the supreme court of Virginia. The debts were audited, the commissioner's report returned, and on the 18th day of April, 1878, the property was ordered to be sold to pay said debts. From this decree the appeal is taken.

For the reasons given the said decree and all the decrees rendered since the mandate of the supreme court of Virginia was filed, are reversed with costs; and the cause is remanded with instructions to allow the answer of Joseph and Fannie C. Brown to be filed; and to cause the proper parties to be made defendants to the suit, and to proceed in the cause. There is a decree in the cause dismissing the bill; and if the decision of the supreme court of Virginia reversing said decree should be declared a nullity, nothing further can be done in the cause as far as we now can see, as no appeal can now be taken from that decree.

REVERSED. REMANDED.